DeSTEFANO *v.* WOODS, SHERIFF.

No. 559. Decided June 17, 1968.*

*Anna R. Lavin* for petitioner in No. 559.

*John J. Stamos* and *Elmer C. Kissane* for respondent in No. 559.

*Robert Y. Thornton,* Attorney General of Oregon, and *David H. Blunt,* Assistant Attorney General, for respondent in No. 941.

Per Curiam.

Petitioner Carcerano was convicted of armed robbery and sentenced, on May 11, 1962, to life imprisonment. The Oregon Constitution, Art. I, § 11, permits a jury

---

*Together with No. 941, *Carcerano* v. *Gladden, Warden,* on petition for writ of certiorari to the Supreme Court of Oregon.

to convict in noncapital cases if 10 of the 12 jurors support conviction. The Oregon Supreme Court affirmed petitioner's conviction. 238 Ore. 208, 390 P. 2d 923, cert. denied, 380 U. S. 923. In 1967, petitioner sought collateral relief under Oregon's post-conviction statute. The sole ground relied upon was that the State and Federal Constitutions were violated when the jury was told it could return a verdict of guilty even though the members did not unanimously favor that verdict. This issue had not been raised by petitioner on his direct appeal. The Oregon Supreme Court denied relief.

Petitioner DeStefano was found in criminal contempt of an Illinois court and sentenced to three concurrent one-year terms.[1] After affirmance by the Illinois Supreme Court and denial of certiorari by this Court, 385 U. S. 989, petitioner unsuccessfully sought state collateral relief and then filed a petition for habeas corpus in the District Court for the Northern District of Illinois. Petitioner's contention was that he was unconstitutionally denied trial by jury. Both the District Court and the Court of Appeals held that the Constitution did not require jury trial for state criminal contempt proceedings.

In *Duncan* v. *Louisiana*, 391 U. S. 145, we held that the States cannot deny a request for jury trial in serious criminal cases, and in *Bloom* v. *Illinois*, 391 U. S. 194, that the right to jury trial extends to trials for serious criminal contempts. *Duncan* left open the question of

---

[1] Petitioner DeStefano was ordered released on bail by Mr. Justice Clark pending his direct appeals in the Illinois courts and his first petition for a writ of certiorari. He was again granted release on bail by Mr. Justice Clark pending his appeal to the Court of Appeals from the District Court's denial of habeas corpus relief; this second bail order has continued in force pending consideration of the present petition. Prior to the first bail order, and between the first denial of certiorari and the second bail order, petitioner served a total of 207 days of his concurrent one-year sentences.

the continued vitality of the statement in *Maxwell* v. *Dow,* 176 U. S. 581, 586, that the Sixth Amendment right to jury trial includes a right not to be convicted except by a unanimous verdict. Both *Duncan* and *Bloom* left open the question whether a contempt punished by imprisonment for one year is, by virtue of that sentence, a sufficiently serious matter to require that a request for jury trial be honored. These two issues posed in Nos. 941 and 559 must be considered at this time only if the decisions in *Duncan* and *Bloom* apply retroactively. We hold, however, that *Duncan* v. *Louisiana* and *Bloom* v. *Illinois* should receive only prospective application. Accordingly, the denials of collateral relief to petitioners must be affirmed regardless of whether, for cases to which the rules announced in *Duncan* and *Bloom* apply, the Fourteenth Amendment requires unanimous jury verdicts and affords a right to jury trial for criminal contempts punished by imprisonment for one year.

In *Stovall* v. *Denno,* 388 U. S. 293, 297, the Court stated the considerations that affect the judgment whether a case reversing prior doctrines in the area of the criminal law should be applied only prospectively:

> "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

All three factors favor only prospective application of the rule stated in *Duncan* v. *Louisiana.* *Duncan* held that the States must respect the right to jury trial because in the context of the institutions and practices by which we adopt and apply our criminal laws, the right to jury trial generally tends to prevent arbitrariness and repression. As we stated in *Duncan,* "We would not assert, however, that every criminal trial—

or any particular trial—held before a judge alone is unfair or that a defendant may never be as fairly treated by a judge as he would be by a jury." 391 U. S., at 158. The values implemented by the right to jury trial would not measurably be served by requiring retrial of all persons convicted in the past by procedures not consistent with the Sixth Amendment right to jury trial. Second, States undoubtedly relied in good faith upon the past opinions of this Court to the effect that the Sixth Amendment right to jury trial was not applicable to the States. *E. g., Maxwell* v. *Dow, supra.* Several States denied requests for jury trial in cases where jury trial would have been mandatory had they fallen within the Sixth Amendment guarantee as it had been construed by this Court. See *Duncan* v. *Louisiana, supra,* at 158, n. 30. Third, the effect of a holding of general retroactivity on law enforcement and the administration of justice would be significant, because the denial of jury trial has occurred in a very great number of cases in those States not until now accepting the Sixth Amendment guarantee. For example, in Louisiana all those convicted of noncapital serious crimes could make a Sixth Amendment argument. And, depending on the Court's decisions about unanimous and 12-man juries, all convictions for serious crimes in certain other States would be in jeopardy.

The considerations are somewhat more evenly balanced with regard to the rule announced in *Bloom* v. *Illinois.* One ground for the *Bloom* result was the belief that contempt trials, which often occur before the very judge who was the object of the allegedly contemptuous behavior, would be more fairly tried if a jury determined guilt. Unlike the judge, the jurymen will not have witnessed or suffered the alleged contempt, nor suggested prosecution for it. However, the

tradition of nonjury trials for contempts was more firmly established than the view that States could dispense with jury trial in normal criminal prosecutions, and reliance on the cases overturned by *Bloom* v. *Illinois* was therefore more justified. Also, the adverse effects on the administration of justice of invalidating all serious contempt convictions would likely be substantial. Thus, with regard to the *Bloom* decision, we also feel that retroactive application is not warranted.

For these reasons we will not reverse state convictions for failure to grant jury trial where trials began prior to May 20, 1968, the date of this Court's decisions in *Duncan* v. *Louisiana* and *Bloom* v. *Illinois*.[2] The petitions for writs of certiorari are granted and the judgments are affirmed.              *It is so ordered.*

Mr. Justice Harlan and Mr. Justice Stewart would deny certiorari for the reasons stated in Mr. Justice Harlan's dissenting opinions in *Duncan* v. *Louisiana,* 391 U. S. 145, 171, and *Bloom* v. *Illinois,* 391 U. S. 194, 215.

Mr. Justice Douglas, with whom Mr. Justice Black joins, dissenting.

I am of the view that the deprivation of the right to a trial by jury should be given retroactive effect, as I thought should have been done with comparable constitutional decisions. See *Gideon* v. *Wainwright,* 372 U. S. 335; *Douglas* v. *California,* 372 U. S. 353; *Linkletter* v. *Walker,* 381 U. S. 618, 640 (dissenting opinion); *Johnson* v. *New Jersey,* 384 U. S. 719, 736 (dissenting opinion); *Stovall* v. *Denno,* 388 U. S. 293, 302 (dissenting opinion).

---

[2] We see no basis for a distinction between convictions that have become final and cases at various stages of trial and appeal. See *Stovall* v. *Denno, supra,* at 300–301.