THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RAMONA CRUZ MORALES, Defendant and Appellant.

No. CR-68-49.     Decided November 14, 1968.

*Benjamín Ortiz* and *Hernán Longoria* for appellant. *Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was found guilty of two violations of Act No. 220 of 1948 (33 L.P.R.A. § 1250), and ordered to serve six months in jail in each count, to be served concurrently. She assigns, in synthesis, that the trial court erred in weighing the evidence, that the latter was insufficient to support the conviction and that the case should have been heard by jury and not by the court, pursuant to the decision in *Duncan* v. *Louisiana,* 391 U.S. 145 (1968).

Assuming, without deciding, that the doctrine in *Duncan, supra,* is applicable, the same is not available to appellant (1) since the trial was held prior to May 20, 1968, *DeStefano* v. *Woods,* 392 U.S. 631 (1968); and (2) for misdemeanors where the penalty is as much as two years of imprisonment, *Jones* v. *Louisiana,* 36 L.W. 3470 (June 11, 1968)—392 U.S. 302 (1968).

The assignments based on the weighing and sufficiency of the evidence lack merit.

The fact that the undercover agent saw appellant sell bolita on several occasions and did not arrest her does

not render his testimony of doubtful credibility, since he explained that he did not do it so as not to reveal his identity, since his mission was to procure the greatest quantity of evidence possible against the greatest number of persons who violated the Bolita Act.

As the Solicitor General indicates:

"The fact that the agent could not remember the persons to whom defendant sold bolita on previous occasions, or the manner in which she was dressed when she sold bolita to him the first time is not significant at all. The agent explained the manner and the places where the transactions occurred, the nature of his work, the term of duration of the investigation, and the area covered. Furthermore, said agent kept the notes taken immediately after the transactions with defendant, which were admitted in evidence. The undercover agent's testimony, then, complied with all the rules established in *People* v. *Ayala Ruiz,* 93 P.R.R. 686 (1966), and is sufficient to support the conviction. See *People* v. *Rivera,* judgment of April 10, 1968; *People* v. *Martínez,* judgment of May 10, 1968.

"On the other hand, the fact that the undercover agent indicated in his reports that defendant had *jotted down* the numbers and that at the trial he had testified that she had *crossed out* the numbers, does not have the significance which appellant seeks to attribute to it. In his oral testimony the agent explained that he had made a mistake in taking the note that she had *jotted down* the numbers, since she actually had *crossed* them *out.* Evidently, this insignificant mistake of the agent must not constitute ground for the reversal of the judgments." (Italics in the original.)

Therefore, the judgments of January 3, 1967, rendered in this case by the Superior Court, Mayagüez Part, will be affirmed.

Mr. Justice Santana Becerra concurs in the result.

—O—

Mr. Justice Santana Becerra, concurring.

San Juan, Puerto Rico, November 14, 1968

In concurring with the affirmance of the judgment ap-

pealed from I want to state—as I did, also, in *People* v. *Morales*, Cr-68-115, judgment of October 25, 1968—for what may be inferred from the statement in the second paragraph of the per curiam opinion in this case, that I am not implicitly accepting the effectiveness, in the Commonwealth of Puerto Rico, of the decision of the Supreme Court of the United States rendered in *Duncan* v. *Louisiana*, 391 U.S. 145, and which extended to the States, by Amendment XIV, the right to trial by jury of the Sixth Amendment.