Burke, J.
These three cases require a determination as to whether our recent decision in People v. Fuller (24 N Y 2d 292 [decided April 10, 1969]) should be applied only prospectively to addiction hearings held after the date of its decision or *41 whether it should be applied retroactively to those “ criminal addicts ” whose hearings took place prior to ¡that decision and without an opportunity for a jury trial. We conclude that Fuller should be given retroactive effect.
In each of the three cases before us, the defendant was convicted upon his plea of guilty to a violation of section 220.05 of the Penal Law (criminal possession of a dangerous drug in the fourth degree) and a hearing pursuant to section 208 of the Mental Hygiene Law was held before a Judge sitting without a jury.- In each case, .the defendant was certified an addict and committed to the custody of the Narcotic Addiction Control Commission. On Donaldson’s appeal, the Appellate Term, First Departtihent, reversed the judgment and remitted the matter to the Criminal Court of the City of New York, New York County, for further proceedings in light of People v. Fuller. On Harris’ appeal, the Appellate Division, First Department, modified the judgment and remitted the matter to the Supreme Court, Bronx County, for a jury trial on the issue of his addiction. On Riley’s appeal, the Appellate Term, Second and Eleventh Districts, affirmed the judgment of the Criminal Court of the City of New York, Bangs County. In both the Donaldson and the Harris cases, the People appeal pursuant to permission granted by a Judge of this court and seek to have Fuller applied only prospectively.
Basic .to the resolution of this retroactivity issue is an understanding of the precise, holding in Fuller and the grounds upon which that holding was predicated. Fuller specifically held that there was no rational basis for a distinction, as to the opportunity for a jury trial, between “ criminal ” and “ civil ” commitment for narcotic addicts and that, therefore, the denial of such an opportunity to the former, while expressly granting it to the latter, clearly violated the constitutional guarantee of the equal protection of .the laws. Furthermore, Fuller specifically rejected as a basis for a contrary conclusion the argument that the granting of the opportunity for such jury trials in “ criminal ” commitments would impose a heavy burden on the courts.
The People nonetheless argue that..the hearings held in these pre-Fuller oases before a Judge sitting without a jury were fairly conducted, that the retroactive application of Fuller would *42 impose severe additional burdens on the courts[1] and, finally, that law enforcement officials and courts relied upon a -statute which was presumptively constitutional. None of these arguments, however, is sufficient to overcome the considerations militating towards the retroactive application of the Fuller decision.
. Fuller declared no new constitutional right, devised no new criminal procedure and did not strike down any prior decision giving apparent constitutional sanction, to the procedure there found unconstitutional. It merely enunciated, in relation to the narcotic addiction commitment statute, the ineluctable conclusion to be drawn from the opinion of the United States Supreme Court in Baxstrom v. Herold (383 U. S. 107 [decided Feb. 23, 1966]) and the opinion of' this court in People v. Lolly -(19 N Y 2d 27 [decided Dec. 30, 1966]), both of which antedated the April 1,1967 effective date of the sections of the Mental Hygiene Law involved in Fuller and in the present cases. Thus, the People’s reliance on Stovall v. Denno (388 U. S. 293) is misplaced since, in that case, the court specifically noted that its decisions in United States v. Wade .(388 U. S. 218) and Gilbert v. California (388 U. S. 263) “were not'foreshadowed in our cases ” and that “ law enf orcement officials of the Federal Government and of all 50 States have heretofore proceeded on the premise that the Constitution did not require the presence of counsel at pretrial confrontations for identification.” (388 U. S., at p. 299.) Here, however, both Baxstrom and Lolly {supra) clearly “ foreshadowed ” our decision in Fuller and the mere fact that the section which violated the equal protection principles enunciated in those cases was passed by the Legislature cannot serve to insulate from /the holding of Fuller .those persons whose commitment resulted from a hearing which fortuitously took place prior to this court’s declaration that the denial of an opportunity for a jury trial constituted a deprivation of the equal protection of the laws. The same analysis applies to such cases as De Stef ano v. Woods (392 U. S. 631 [holding Duncan v. Louisiana, 391 U. S. 145, nonretroactive]) -and Desist v. United States (394 U. >S. 244 [holding Katz v. United States, *43 389 U. S. 247, nonretroactive]). Thus, objection to the retroactive application of Fuller may not realistically be predicated upon, any claimed reliance since existing decisional law with respect to the requirement of the equal protection of the laws clearly indicated the statute’s constitutional deficiency. Finally, Fuller in no way impugned the “fairness” of hearings con-, ducted by á Judge sitting without a jury and the fairness of hearings so held is irrelevant to the question whether the constitutional right recognized and applied in Fuller should be accorded to all those concededly deprived of that right prior to the decision in Fuller. We, therefore, hold that the opportunity for a jury trial on the issue of addiction, required by the decision in Fuller, should be accorded full retroactive effect.
Accordingly, in People v. Donaldson, the order of the Appellate Term, First Department, as limited by its Per Curiam opinion, should be affirmed. In People v. Harris, the order of the Appellate Division, First Department, should be affirmed. In People v. Riley, the judgment of the Appellate Term, Second and Eleventh Judicial Districts, should be reversed and the matter remitted to the Criminal Court of the City of New York, Kings County, for further proceedings in accordance with the opinion herein and the opinion in People v. Fuller.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel and Jasen concur.
In People v. Donaldson: Order affirmed.
In People v. Harris: Order affirmed.
In People v. Riley: Judgment reversed and case remitted to the Criminal Court of the City of New York for further proceedings in accordance with the opinion herein and the opinion in People v. Fuller (24 N Y 2d 292 [decided April 10, 1969]).

. The retroactive application of Fuller imposes no greater burden on the courts than did our decision in People v. Bailey (21 N Y 2d 588, 597) and imposes a far smaller burden than did the decision in Baxstrom v. Herold (383 U. S. 107).