**Lewis Andrew FLAGLER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 28494

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 26, 1970.

Certiorari Denied June 1, 1970. See 90 S.Ct. 1862.

Lewis A. Flagler, pro se.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Lewis Andrew Flagler appeals from a denial of his petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida. The sole issue on appeal is whether Flagler, in his state criminal trial for robbery, was denied due process of law and the right to a meaningful trial by jury because the state trial judge failed to instruct the jury on the lesser included offense of larceny.

Flagler concedes that there was no evidentiary basis for such a charge, that no such charge was requested and that his counsel did not object to the court's failure to include a larceny charge in his jury instructions. At the trial the appellant relied on the establishment of an alibi defense. He claimed absolutely no knowledge of the events involved, contending that he was engaged elsewhere and was not at the scene of the crime. The decision of the district court is affirmed.[1]

The state court's failure to charge the jury with respect to larceny did not deny appellant the right to a meaningful trial by jury. The federal right to trial by jury is not applicable to state criminal trials occurring before May 20, 1968.[2] Flagler's state trial for robbery occurred in 1964.[3]

We seriously doubt that the state trial court's conduct would be considered reversible error in most jurisdictions;[4] it is definitely not a denial of due process of law. Appellant has not cited and we have been unable to unearth any case which supports his contention to the contrary. Appellant's brief deals at length with Florida law relating to the failure of the trial court to charge a jury concerning lesser included offenses. The Supreme Court has observed:

> The due process of law clause in the Fourteenth Amendment does not take up the statutes of the several states and make them the test of what it requires; nor does it enable this court to revise the decisions of the state courts on questions of state law. What it does require is that state action, whether through one agency or another, shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions and not infrequently are designated as 'law of the land.' Those principles are applicable alike in all the states, and do not depend upon or vary with local legislation. [Citations omitted][5]

The right of a criminal defendant to have a jury instructed on lesser included offenses in the circumstances here presented is simply not one which has achieved the status of a "fundamental principle of liberty and justice."

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded, on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

2. DeStefona v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968). *See,* Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).

3. We are not certain of the precise date of the trial. However, sentencing occurred on April 30, 1964. *See generally,* Flagler v. State, 189 So.2d 212 (Fla.Dist. Ct.App.1966); Flagler v. State, 198 So. 2d 313 (Fla.1967).

4. The failure of appellant to signify his dissatisfaction with the trial court's charge during the state trial would militate against reversal on appeal in most jurisdictions. *See,* Rule 30, F.R.Crim.P.; Brown v. State, 206 So.2d 377, 384 (Fla. 1968).

5. Hebert v. Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270 (1926). Cf. Higgins v. Wainwright (5th Cir. 1970) 423 F.2d 177.