■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT RIVERA, Petitioner, v. JAMES HARRISON, as Warden of Queens House of Detention, et al., Respondents.— Application denied upon the ground that it should be made to the Appellate Division in the department in which relator is detained (CPLR 7002, subd. [b], par. 2). Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur.

## FOURTH DEPARTMENT, JUNE, 1970

### (June 25, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EVERETT BURKETT, Appellant.— Judgment unanimously affirmed. Memorandum: An indictment filed on October 20, 1967 accused appellant of robbery, first degree and grand larceny, first degree. The District Attorney recommended that he be investigated and if necessary tried without a jury to determine whether he should be adjudged a youthful offender. Appellant and his attorney executed a written consent to be investigated and to be tried without a jury should a trial be had. No motion was ever made for a jury trial. On April 30, 1968 he pleaded guilty and being a youthful offender was sentenced to Elmira Reception Center. Upon this appeal from the judgment of conviction he contends that he was denied due process when the court failed to advise him that he had a right to a jury trial, citing our recent decision in *People* v. *Sawyer*, (33 A D 2d 242), holding that section 913-h of the Code of Criminal Procedure directing trial without a jury for a youthful offender is unconstitutional. That case dealt with a judgment of conviction rendered November 21, 1968 and was grounded upon *Duncan* v. *Louisiana*, (391 U. S. 145 [May 20, 1968]). In *DeStefno* v. *Woods*, (392 U. S. 631, 633) the Supreme Court held that *Duncan* was to be given "only prospective application". Consequently since appellant was not entitled to a jury trial as a youthful offender on April 30, 1968, he was not entitled to be advised of such a nonexistent right. (*People v. Ruiz*, 24 N Y 2d 926.) There is no merit to appellant's claim that the court lacked authority to impose a reformatory sentence to run consecutively to a previously imposed reformatory sentence (cf. *Matter of Browne* v. *Board of Parole*, 10 N Y 2d 116). (Appeal from judgment of Erie County Court adjudicating defendant a youthful offender.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli, and Bastow, JJ.