THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GERARDO CRUZ JIMÉNEZ, ZENÓN HIRALDO JIMÉNEZ, and EULOGIO ORTIZ VERDEJO, Defendants and Appellants.

No. CR-62-206. Decided January 14, 1971.

*Santos P. Amadeo* for appellant Eulogio Ortiz Verdejo. *Gilberto Gierbolini, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

A jury found petitioner and two other codefendants guilty of murder in the first degree. They appealed from the judgment which sentenced them to life imprisonment, and on January 25, 1963, we affirmed the same. *People* v. *Cruz*, 87 P.R.R. 124 (1963).

Codefendant Ortiz Verdejo's defense theory was alibi. Since the trial was held in June 1960, the trial court instructed the jury in the sense that if they understood that the theory and evidence of the alibi was fabricated, this is, that it was not genuine they could consider that such theory and evidence was an implied admission of guilt. Since 1937 this Court had approved that instruction. *People* v. *Delerme*, 51 P.R.R. 503 (1937). See, also, *People* v. *Díaz*, 74 P.R.R. 348 (1953).

In 1964, that is, several years after the trial against *Ortiz Verdejo and others* was held, we ratified the doctrine in the *Delerme* case, in regard to the fabrication of evidence on alibi. *People* v. *Rodríguez Hernández*, 91 P.R.R. 176 (1964). Ortiz Verdejo did not challenge the aforementioned instruction during the trial, nor before this Court on appeal.

In the case of *People* v. *Moreu Pérez*, 96 P.R.R. 59, decided on May 16, 1968, we rejected the aforesaid instruction on alibi. Thus we reversed our case law, abandoning the doctrine which some states hold on this particular and we adopted, for the first time, the opposite doctrine held in other jurisdictions.

Ortiz Verdejo requests us now to give retroactive application to the doctrine of *Moreu Pérez* and to apply it to his case.[1]

Although we applied the new doctrine of the case of Moreu Pérez to the facts of the *Moreu Pérez* case itself, thus giving a retroactive effect to said doctrine, that does not imply that the retroactivity is to be extended to all the cases finally decided.

"If the instruction challenged should prevail"—we stated in *Moreu Pérez*—"defendant would be seriously limited in his

---

[1] In February 1964, Ortiz Verdejo filed before this Court a petition for habeas corpus, challenging the legality of the sentence imposed upon him, among other reasons, because the instruction on fabricated alibi delivered to the jury constituted an error of constitutional dimensions.

means of defense in the presence of the risk that the rejection of his evidence of alibi constitutes an admission of guilt. He would feel limited in offering it, except under the exceptional situation that the evidence of alibi is so convincing that it cannot possibly be rejected."

One of the most relevant views, although not exclusive, to determine the retroactive application of a new rule of law or case-law doctrine is the purpose underlying the new rule. *Linkletter* v. *Walker*, 381 U.S. 618, 14 L.Ed.2d 601; *Tehan* v. *Shott*, 382 U.S. 406, 15 L.Ed.2d 453; *Johnson* v. *New Jersey*, 384 U.S. 719; 16 L.Ed.2d 882; *Stovall* v. *Denno*, 388 U.S. 293, 18 L.Ed.2d 1199; *De Stefano* v. *Woods*, 392 U.S. 631, 20 L.Ed.2d 1308; *Desist* v. *United States*, 394 U.S. 244, 22 L.Ed.2d 248; *Halliday* v. *United States*, 394 U.S. 831, 23 L.Ed.2d 16.

 Obviously the purpose of the new *Moreu Pérez* doctrine is not attained by giving retroactive effect to the same. Rather its purposes are attained by applying them to those cases when the trial is held after May 16, 1968. Other views used to determine the retroactivity of a new doctrine are the "reliance on the old rule" and the effect of the new rule in the administration of justice. For over thirty years this Court had been upholding the propriety and correctness of the instruction on fabricated alibi and all during the course of that time that instruction has been delivered to the jury when the defense is that of alibi. We do not know of any case in our jurisdiction where a defendant has refrained from resorting to the defense of alibi for fear of the aforesaid instruction. Contrariwise, very frequently we have had on appeal before this Court, cases where the defendants have used the defense of alibi.

 As the Solicitor General properly states, we have consistently applied prospectively the new rules or case-law doctrines adopted in recent years. *People* v. *Serrano Olivo*, 93

P.R.R. 725 (1966); *Rivera Escuté v. Delgado, Warden*, 92 P.R.R. 746 (1965); *People v. Natal Rojas*, 93 P.R.R. 823 (1967); *People v. Vélez Santiago*, 95 P.R.R. 607 (1967); *People v. Ramos Cruz*, 84 P.R.R. 542 (1962); *People v. Adorno Lorenzana*, 93 P.R.R. 768 (1966).

On the other hand, the facts in this case do not justify that by way of exception we apply retroactively the *Moreu Pérez* doctrine. In refusing to do so we do not consecrate a legal error. In respect to the circumstances and nature of the evidence considered by the jury, we refer to what has been already set forth in the opinion delivered when the appeal filed by petitioner herein was decided.

For the foregoing reasons the document entitled "Motion in the Nature of Coram Nobis, Habeas Corpus, or Vacation of Judgment," shall be denied.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein. Mr. Justice Dávila dissented.