Robert Wesley **FOWLER**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 30506

Summary Calendar.\*

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1971.

Rehearing Denied and Rehearing En Banc Denied March 15, 1971.

New York et al., 5 Cir. 1970, 431 F.2d 409.

**388**

Robert W. Fowler, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Alan M. Medof, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

The opinion and judgment of the Court dated December 18, 1970 is withdrawn and the following is substituted therefor:

Fowler, a Florida state prisoner, is serving a fifteen year sentence for the crime of breaking and entering a dwelling. He exhausted his state remedies, then under 28 U.S.C. § 2254 petitioned the United States District Court for the Southern District of Florida for a writ of habeas corpus. He makes two contentions. First, he contends that he was denied a fair trial on the ground that state and federal law enforcement officers coerced him into waiving trial by jury and prevented him from obtaining necessary witnesses. Second, he contends that the use at his trial of his co-defendant's confession deprived him of his constitutional right to confront and cross-examine the witnesses against him. The district court rejected Fowler's contentions as being without merit. We agree.

I.

Fowler argues that the law enforcement officers tricked him into not calling any witnesses at his trial and caused him to waive his right to trial by jury by promising him a reduced four year sentence. The respondent, of course, denies Fowler's allegations of coercion. A review of the record indicates that the district court was correct in dismissing this contention. First, the trial court gave Fowler every opportunity to call witnesses, continued the trial an additional day to allow the witnesses to be located, and informed him that he could reopen the trial at any time the missing witnesses could be located. Second, Fowler was arraigned, pleaded not guilty, and waived trial by jury several weeks before the officers are alleged to have promised him a reduced sentence. Moreover, since Fowler pleaded not guilty and thereby put the state to the expense and trouble of proving him guilty, it is difficult to believe his allegations of a deal. The usual plea-bargaining situation involves a plea of guilty in return for a reduced sentence. Third, it must be remembered that in 1965, the date of his conviction, Fowler had no federal constitutional right to a jury trial. *See* Duncan v. Louisiana, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491; De Stefano v. Woods, 1968, 392 U.S. 631, 88 S.Ct. 2093, 20 L. Ed.2d 1308.

II.

Fowler also argues that the trial court erred in admitting into evidence the confession of his co-defendant. The trial court did not err in admitting the confession of Fowler's co-defendant in this nonjury case. In any event, it is difficult to see how Fowler was prejudiced by the admission of the confession. Four eyewitnesses testified that they saw Fowler leaving the home of the victim wearing a jacket belonging to the victim's son. In addition, Fowler voluntarily confessed to having committed the crime, and his confession was introduced into evidence at the trial. In these circumstances, the evidence of the co-defendant's confession was cumulative

within the rule of Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, and any error in its admission was harmless. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

The judgment of the district court denying the petition for the writ of habeas corpus is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.