**Alfred E. GRIZZELL, #010977,**
**Petitioner-Appellee,**

**v.**

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections,**
**Respondent-Appellant.**

**No. 72–3361.**

United States Court of Appeals, Fifth Circuit.

July 6, 1973.

Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellant.

P. Donald DeHoff, Jacksonville, Fla., Court-appointed, for petitioner-appellee.

Before GOLDBERG, SIMPSON and CLARK, Circuit Judges.

GOLDBERG, Circuit Judge:

This appeal challenges the granting of habeas corpus relief pursuant to 28 U.

---

S.C. § 2254. The sole issue before us is: Was the District Court correct in giving retroactive application to the Supreme Court's decision in Mayberry v. Pennsylvania, 1971, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532. In affirming the District Court, we join the Seventh Circuit, United States v. Seale, 7 Cir. 1972, 461 F.2d 345; In re Dellinger, 7 Cir. 1972, 461 F.2d 389, and the District of Columbia Circuit, United States v. Meyer, 1972, 149 U.S.App.D.C. 212, 462 F.2d 827, which are the only two circuits to have passed on the question, and hold that Mayberry v. Pennsylvania, *supra,* should be given retroactive application.

In *Mayberry,* a criminal defendant had repeatedly vilified the trial judge during the course of his trial. At the close of the trial, after the jury had returned its verdict, the trial judge found the defendant guilty of eleven criminal contempts and sentenced him to serve from eleven to twenty-two years imprisonment. The Supreme Court reaffirmed its holding in Illinois v. Allen, 1970, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, which outlined "an arsenal of authority [including summary contempt] . . . to keep order in the courtroom" during a trial, Mayberry v. Pennsylvania, *supra,* 400 U.S. at 463, 91 S.Ct. at 504, 27 L.Ed. 2d at 539, but held that when the vilified judge does not instantly cite the defendant for contempt, the Due Process Clause of the Fourteenth Amendment requires that "a defendant in criminal contempt proceedings should be given a public trial before a judge other than the one reviled by the contemnor." Mayberry v. Pennsylvania, *supra,* 400 U.S. at 466, 91 S.Ct. at 505, 27 L.Ed.2d at 540.

On January 16, 1967, petitioner, Alfred E. Grizzell, appeared in a Florida state court for the empaneling of a jury that would hear his criminal trial. At that time he began presenting several motions to the court, and when the court denied his motions, petitioner began interrupting the proceedings and insulting the trial judge. The next day, the trial judge who had been vilified by petitioner found petitioner to have been in contempt of court and sentenced him to two years in prison.[1]

In May of 1972, petitioner sought habeas relief based upon the Supreme Court's holding in Mayberry v. Pennsylvania, *supra.* He contended that he had been denied due process when the very trial judge whom he had vilified convicted him of and sentenced him for contempt at a post-trial proceeding. Respondent primarily defended upon the ground that the decision in *Mayberry* should not be given retroactive application. Ruling on petitioner's § 2254 motion, the United States District Court held:

"The facts presently before this Court show that petitioner was charged with contempt, and sentenced at a time not contemporaneous to petitioner's disruptive conduct by the same judge who was reviled by him. As stated in Mayberry v. Pennsylvania, *supra,* [400 U.S. 455] at 466 [91 S. Ct. 499, 27 L.Ed.2d 532], due process '. . . can be satisfied only if the judgment of contempt is vacated so that on remand another judge, not bearing the sting of these slanderous remarks and having the impersonal authority of law, sits in judgment on the conduct of petitioner so shown by the record'."

An examination of *Mayberry* shows that there are two rationales underlying the Court's decision: (1) the belief that it is difficult for a vilified judge to avoid bias; Mayberry v. Pennsylvania, *supra,* 400 U.S. at 465, 91 S.Ct. 505, 27 L.Ed.2d at 540; and (2) the institutional consideration that where the judge has been personally vilified the appearance of justice is sacrificed if the vilified

---

1. In fairness to the trial judge, we note that he conducted the disrupted proceedings and issued the contempt citation without the guidance of the Supreme Court's decision in Illinois v. Allen, 1970, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, which outlined the measures available to a trial judge faced with a disruptive defendant.

judge acts as the prosecutor, fact finder, and sentencer, even if the vilified judge is totally unbiased. *Id. See also* In re Dellinger, *supra,* 461 F.2d at 394–395. This reasoning was fully and lucidly analyzed in United States v. Meyer, 1972, 149 U.S.App.D.C. 212, 462 F.2d 827, where the District of Columbia Circuit stated:

"In other words, once a judge has been personally attacked in such a manner that a judge of ordinary sensibilities might naturally be expected to harbor 'marked personal feelings' against the attacker, *the law must assume that such feelings exist,* even though the judge through admirable forbearance, gives no outward indication that he has been personally affected. This assumption is necessary, presumably, for two reasons. First, personal animosity may in fact exist in a judge who is outwardly unperturbed; and, second, even if the judge possesses singularly charitable instincts and in fact entertains no personal feelings, the public might reasonably suspect that such was not the case. In this latter situation, disqualification would be necessary in order to protect the integrity of the judiciary–so that 'justice . . . [can] satisfy the appearance of justice.' *Id.* [Mayberry v. Pennsylvania, 400 U.S. 455] at 465, [91 S.Ct. 499] at 505, [27 L.Ed.2d 532] quoting Offutt [v. United States], 348 U.S. [11], at 14, 75 S.Ct. 11, 99 L.Ed. 11."

In determining whether the District Court here was correct in applying *Mayberry* retroactively, we recognize "that retroactivity is essentially a pragmatic, case-by-case, result oriented process whereby the often competing interests of society, the accused . . . and the efficient administration of justice are balanced and weighed." Vaccaro v. United States, 5 Cir. 1972, 461 F.2d 626, 629. This balancing process must necessarily involve reliance upon Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199,

"which announced the most frequently quoted epitome for retroactivity determinations:

(a) the purpose to be served by the new standards, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

Gosa v. Mayden, 5 Cir. 1971, 450 F.2d 753, 761 (citations omitted).

In our view, the purpose of *Mayberry* is two-fold: (1) to guarantee an accused a totally fair and impartial tribunal, and (2) to protect the integrity and dignity of the judicial process from any hint or appearance of bias. Thus, the decision in *Mayberry* goes to both the core of the single judicial determination involved (the individual defendant's guilt or innocence), and to the heart of the entire judicial process (the appearance of fairness and the consequent public acceptance of the role of the courts in our society). We find that these purposes outweigh the factors favoring prospectivity arising from (1) the justifiable reliance of the courts upon then-existing contempt procedures and (2) the effect that retroactive application of *Mayberry* will have on the administration of justice, *see* Williams v. United States, 1971, 401 U.S. 646, 653, 91 S.Ct. 1148, 28 L.Ed.2d 388, 395, and mandate a retroactive application of Mayberry v. Pennsylvania.

Respondents' reliance on the Supreme Court's decision in Adams v. Illinois, 1972, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, which denied retroactive application to Coleman v. Alabama, 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, is misplaced. Coleman v. Alabama held that a preliminary hearing is a critical stage of the criminal process at which the accused is constitutionally entitled to the assistance of counsel. In denying retroactivity to Coleman v. Alabama, the Court in Adams v. Illinois held that the absence of counsel at preliminary hearings did not greatly affect

the validity of the fact finding process and thus its purpose was overborne by the competing factors of good faith reliance by law enforcement officers and by the possible disruptive effect retroactive application might have on the administration of the criminal law. The *Mayberry* ruling, however, concerns the heart of the fact finding process, the fairness of the fact finder, and thus should be "given complete retroactive effect . . . regardless of the good faith reliance by law enforcement authorities or the degree of impact on the administration of justice." Adams v. Illinois, *supra*, 405 U.S. at 280, 92 S.Ct. at 918, 31 L.Ed.2d at 207.[2]

We therefore join the District of Columbia Circuit and the Seventh Circuit in holding that Mayberry v. Pennsylvania should be given retroactive application. The District Court is affirmed.

Affirmed.

2. We also do not consider De Stefano v. Woods, 1968, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308, dispositive, although there is some language which might indicate a contrary result. The Supreme Court decision in *De Stefano* refused to give retroactive effect to Bloom v. Illinois, 1968, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, which held that an individual being prosecuted for serious contempts was constitutionally entitled to a jury trial, and does not control the question of whether *Mayberry*, which came after *De Stefano* and which emphasized the need for both a fair and unbiased judge and for the appearance of fairness, should be applied retroactively.