LEWIS, J.,
concurring.
I reiterate my concern that a trial judge’s override of a jury’s life recommen *515 dation stands in apparent “irreconcilable conflict” with the holding of Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002):
If Apprendi [ 4] and Ring support the proposition that it is unconstitutional for a trial judge to independently find fact with regard to aggravators and impose a sentence of death without jury involvement, surely the Supreme Court’s Spaziano [ 5] decision authorizing a trial judge’s complete disregard for a sentencing jury’s recommendation based upon jury findings of aggravating factors cannot now stand. I cannot avoid the conclusion that if Ring mandates penalty phase jury findings for the imposition of capital sentences, a trial judge may not simply dismiss the jury’s recommendation based upon these findings and do precisely what Ring prohibits. A trial court simply cannot sentence a defendant to death through findings of fact rendered completely without, and in the case of a jury override, directly contrary to, a jury’s advice and input. As has been noted by this Court in the past, a “jury’s life recommendation changes the analytical dynamic,” and under Ring, this life recommendation must be respected. Thus, this is not only an asserted irreconcilable conflict, in my view it is a conflict we should acknowledge.
Bottoson v. Moore, 833 So.2d 693, 727-28 (Fla.2002) (Lewis, J., concurring in result only) (citation omitted). Nevertheless, in the present case, I agree that Ring is inapplicable, as explained below.
The United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was confronted with the issue of whether a judge, sitting without a jury, could conduct the fact-finding necessary to enhance a defendant’s sentence by two years under a “hate-crimes” statute. In conducting its analysis, the Supreme Court first acknowledged the importance of the interests that were at stake, see id. at 476, 120 S.Ct. 2348 (“At stake in this case are constitutional protections of surpassing importance.”), and the Court then announced a bright-line rule of law that would protect those interests appropriately: “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. at 490, 120 S.Ct. 2348.
Two years later, the United States Supreme Court in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), applied Apprendi’s bright-line rule to capital cases, holding as follows: “Because ... aggravating factors operate as ‘the functional equivalent of an element of a greater offense,’ the Sixth Amendment requires that they be found by a jury.” Ring, 536 U.S. at 609, 122 S.Ct. 2428 (citation omitted). The Court explained further:
The right to trial by jury guaranteed by the Sixth Amendment would be senselessly diminished if it encompassed the factfinding necessary to increase a defendant’s sentence by two years, but not the factfinding necessary to put him to death.
Id. Based on language in both Apprendi and Ring, the holding of Ring appeared to implicate constitutional interests of the highest order and seemed to go to the very heart of the Sixth Amendment. And yet, two years after Ring was decided, the *516 Supreme Court appears to have somewhat altered the foundation.
When asked to decide the retroactivity of Ring, the United States Supreme Court in Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), first explained that “[t]his holding [in Ring] did not alter the range of conduct Arizona law subjected to the death penalty” and that Ring therefore was procedural rather than substantive. Id. at 2523. Second, the Court relied upon its own prior decision in DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968) (declining to give retroactive application to a 1968 decision that extended the jury-trial guarantee to the states), and concluded that Ring did not establish a “watershed rule[ ] of criminal procedure”:
If under DeStefano a trial held entirely without a jury was not impermissibly inaccurate, it is hard to see how a trial in which a judge finds only aggravating factors could be.
Summerlin, 124 S.Ct. at 2526. The Court then held: “Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review.” Id.
Based on Summerlin — as surprising as that decision may be[6] in light of the Supreme Court’s own prior language in Ap-prendi and Ring — I can only conclude that Ring cannot be applied retroactively in Florida even upon application of our Witt[7] analysis. The United States Supreme Court is the ultimate arbiter of the federal constitution, and the decision in Ring is that Court’s own Sixth Amendment interpretation and application. If the United States Supreme Court has held and stated that Ring is not a “watershed rule[ ] of criminal procedure” but merely a “new procedural rule that does not apply retroactively,” then I am precluded from determining that these decisions are of fundamental significance, significant magnitude or constitute a “jurisprudential upheaval” under Florida law, even though if writing upon a clean slate I would certainly do so. Further, the purpose served by a new rule of law is a key factor in determining retro-activity in Florida,[8] and the United States Supreme Court in DeStefano held that the purpose served by the jury-trial guarantee (“to prevent arbitrariness and repression”) “favor[s] only prospective application” of that guarantee to the states.[9] Therefore, I cannot logically say that the purpose served by the jury fact-finding requirement of Apprendi and Ring favors a different treatment in this regard. The interpretations of the concepts discussed in Apprendi and Ring by the United States Supreme Court drive my consideration that Ring cannot be classified as being of fundamental significance or of significant magnitude to cause retroactive application.
Based on the foregoing and Johnson v. State, 904 So.2d 400 (Fla. 2005), I must *517 agree that Ring is inapplicable in this postconviction case.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).

. Cf. Apprendi, 530 U.S. at 538, 120 S.Ct. 2348 (O’Connor, J., dissenting) (terming the majority’s reasoning in Apprendi "baffling, to say the least”).

. Witt v. State, 387 So.2d 922 (Fla.1980).

. See id. at 926 (holding that the retroactivity of a new rule of law may be determined by assessing (a) the purpose served by the new rule; (b) the extent of reliance on the old rule; and (c) the effect on the administration of justice of retroactive application of the new rule).

. See DeStefano, 392 U.S. at 633, 88 S.Ct. 2093 (explaining that the "purpose” served by a new rule of law is one of three factors for determining retroactivity under Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and then holding that "[a]ll three factors favor only prospective application” of the jury-trial guarantee to the states).