212 So.2d 415

**STATE of Louisiana**

v.

**Ervin Eugene WATSON.**

No. 49039.

June 28, 1968.

Waddy J. Tucker, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Billy R. Robinson, City Atty., for appellee.

SUMMERS, Justice.

Ervin Eugene Watson was charged by affidavit on October 29, 1967 with violating the provisions of Article 37 of the Louisiana Criminal Code by committing aggravated assault on the person of Charles Winn by threatening him with a dangerous weapon, a misdemeanor under Louisiana law.

Article 37 provides that "Whoever commits an aggravated assault shall be fined not more than three hundred dollars, or imprisoned for not more than two years, or both."

Watson was represented by counsel at his trial on November 30, 1967. He was convicted in the City Court of Bossier City and sentenced to serve two years in the parish jail. He appealed to this court, made no appearance when the case was argued, filed no brief and perfected no bills of excep-. tions.

Under Article 920 of the Code of Criminal Procedure only formal bills of exceptions that have been submitted to and signed by the trial court and errors discoverable by a mere inspection of the pleading and proceedings may be considered on appeal. Since no bills of exceptions were

reserved, we need only determine if there is error on the face of the record.

An inspection of the record discloses that defendant was not tried by a jury.

■ On May 20, 1968 the United States Supreme Court decided Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, holding that a right to jury trial in serious criminal cases is a fundamental right which must be recognized by the states as part of their obligation to extend due process of law to all persons within their jurisdiction. The Court held, moreover, that a crime punishable by two years in prison is a serious crime. We do not feel, however, that this decision requires us to insist upon a jury trial in this case. In the first place, the decision is not final; an application for rehearing has been filed and must be disposed of before the decision becomes effective. Furthermore, the Court did not declare the Duncan decision retrospective in its effect, and, in the light of other decisions where its rulings were given prospective application, we feel the Court will also declare the rule of the Duncan decision prospective in its operation. See Stoval v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L. Ed.2d 601 (1965). Therefore, since the Duncan decision was rendered after Watson's trial and conviction, and Louisiana did not require trial by jury for this offense when Watson was tried[1] on November 30, 1967, we find no error patent on the face of the record.

The conviction and sentence are affirmed.[2]

1. La.Const. Art. VII, Sec. 41 provides, in pertinent part:

"All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury."

La.Code Crim.Proc. Art. 779 provides:

"A defendant charged with a misdemeanor shall be tried by the court without a jury."

La.Code Crim.Proc. Art. 933 provides:

"Except where the context clearly indicates otherwise, as used in this Code:
(1) 'Offense' includes both a felony and a misdemeanor.

(2) 'Capital offense' means an offense that may be punished by death.
(3) 'Felony' means an offense that may be punished by death or by imprisonment at hard labor.
(4) 'Misdemeanor' means any offense other than a felony, and includes the violation of an ordinance providing a penal sanction."

2. Since this case was written, but prior to rendition, the United States Supreme Court decided DeStefano v. Woods, 391 U.S. ——, 88 S.Ct. 2093, 20 L.Ed.2d 1308. 36 Law Week 3479 holding that the rule of the Duncan Case would only be applied prospectively.