212 So.2d 426

STATE of Louisiana

v.

Wilton A. WELCH.

No. 49038.

June 28, 1968.

J. Waddy Tucker, Shreveport, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Billy R. Robinson, City Atty., for appellee.

SANDERS, Justice.

The defendant, Wilton A. Welch, was convicted of aggravated assault upon Charles Winn, a misdemeanor denounced by LSA-R.S. 14:37. The City Court judge sentenced him to a term of two years in the parish jail. From his conviction and sentence the defendant appealed to this Court.

The defendant perfected no bills of exceptions in the trial court and filed no brief in this Court.

LSA-C.Cr.P. Article 920 provides:

"The following matters and no others shall be considered on appeal:

"(1) Formal bills of exceptions that have been submitted to and signed by the trial court in accordance with Article 845, whether or not the bills of exceptions were made a ground for a motion for a new trial; and

"(2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."

■ Since no formal bills of exceptions appear in the record, the Court considers only "error that is discoverable by a mere inspection of the pleadings and proceedings."

■ Our examination of the record discloses no such error. We note, however, the trial court heard this misdemeanor case without a jury on November 30, 1967.

On May 20, 1968, the Supreme Court of the United States handed down its decision in Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, holding the Fourteenth Amendment required a jury trial for simple battery, a misdemeanor, punishable by two years imprisonment and a $300 fine. This decision is prospective only and inapplicable to the present case, the trial of which was completed before the Court announced its holding. DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308. See also Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

For the reasons assigned, the conviction and sentence are affirmed.