217 So.2d 392

**STATE of Louisiana**

**v.**

**Edward Lee HOCHENEDEL, III.**

No. 49220.

Dec. 16, 1968.

J. Carl Parkerson, Monroe, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Albin P. Lassiter, Dist. Atty., Charles A. Traylor II, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

Edward Lee Hochenedel, III, was charged by bill of information on December 11, 1967, with violating the provisions of Article 285 of the Louisiana Criminal Code by placing obscene and harassing telephone calls, a misdemeanor under Louisiana law.

Article 285 provides that "Whoever violates the provisions of this Section shall be fined not more than five thousand dollars, or be imprisoned for not more than two years, or both."

Hochenedel was tried and convicted on January 12, 1968 in the Fourth Judicial District Court, Ouachita Parish; he was fined five hundred dollars, and in default of the payment thereof he was to serve six months in jail; and, in addition, he was sentenced to serve one year in the parish jail, which latter sentence was suspended. From his conviction and sentence the defendant has appealed to this Court.

Bill of Exceptions No. 1 was reserved immediately prior to trial when the defendant's objection to trial without the benefit of a jury was overruled.

Article 933 of the Louisiana Code of Criminal Procedure defines a felony as "an offense that may be punished by death or by imprisonment at hard labor" and a misdemeanor as "any offense other than a felony." This offense, being a misdemeanor, falls within the purview of Article 779 of the Code of Criminal Procedure which provides that "A defendant charged with a misdemeanor shall be tried by the court without a jury." State v. Moye, 250 La. 117, 194 So.2d 717 (1967).

Defendant admits that the law as it existed at the time his trial commenced was properly applied, but he contends that the decision of the United States Supreme Court in Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522, applies to cases tried prior to, but not final on May 20, 1968 when that decision

was handed down. We cannot agree with defendant's contention. As we understand the decision, the Supreme Court held the rule in Duncan v. Louisiana to be applicable only to cases in which trial was begun subsequent to May 20, 1968. De Stefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); State v. Welch, 252 La. 679, 212 So.2d 426 (1968); State v. Watson, 252 La. 649, 212 So.2d 415 (1968); State v. Schoonover, 252 La. 311, 211 So.2d 273 (1968).

■ Defendant's trial on January 12, 1968, therefore, was unaffected by the Duncan case. There was no error in the ruling of the trial judge on this bill.

Bill of Exceptions No. 2 was expressly waived by the defendant in his brief to this Court.

Bill of Exceptions No. 3 was reserved after the State rested its case when the defendant's motion for a directed verdict of acquittal was denied. Defendant's contention in connection with this bill is that no evidence had been adduced from which his guilt could be established.

■ Where a motion for a directed verdict is based on the insufficiency of the evidence this Court is called upon to review the evidence which it cannot do. But we have frequently held that a new trial may be granted if there is no evidence at all to support one of the essential elements of the crime charged, since the determination of that issue presents a question of law and not a weighing of the facts. La. Const.1921, art. 7, § 10; La.Code Crim. Proc. 778, Comment (a); State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961).

■ An analysis of the record discloses that some evidence was adduced from which defendant's guilt could be established. The prosecutrix testified that she received most of the calls in question and that in all cases the voice was the same. She reported the calls to the Sheriff's office and to the telephone company and testified that eventually a locking device was put on the line at her residence so incoming calls could be held open until the originating station could be traced and determined. On November 29, 1967 the prosecutrix activated the tracing procedure, and it was determined that the call had originated from defendant's telephone. Deputies were dispatched to his house and upon arrival found the telephones to be still locked together. Defendant was at home alone at the time. He was arrested and subsequently the prosecutrix received no more obscene calls. The testimony of four members of the Sheriff's Department was adduced, which proved the existence of the lock between the telephone of the prosecutrix and that of defendant.

Thus the State produced some evidence from which the defendant could be found guilty of the offense charged, and Bill of Exceptions No. 3 is held to be without merit.

Bill of Exceptions No. 4 was reserved when defendant's motion for a new trial was denied. The motion was based on the contention that the verdict was contrary to the law and the evidence, that the bills of exceptions reserved during the trial demonstrated that prejudicial error occurred, that defendant could produce new evidence that he had not made one of the telephone calls concerning which evidence was adduced but with which he was not charged, that the stipulation entered into by the counsel for the State and defense was erroneously interpreted, and that the ends of justice would be served by the granting of a new trial.

 Neither the appellate nor the supervisory jurisdiction of this Court can be invoked to review the granting of, or refusal to grant a new trial except for error of law. La.Const.1921, art. 7, § 10; La. Code Crim.Proc. art. 858; State v. Rogers, 241 La. 841, 132 So.2d 819 (1961). Since this last bill presents only questions of fact, the ruling by the trial court is not subject to review.

For the reasons assigned, the conviction and sentence are affirmed.