229 So.2d 715

**STATE of Louisiana**

**v.**

**Terry GEORGE.**

**No. 49789.**

Dec. 15, 1969.

Rehearing Denied Jan. 20, 1970.

William C. Bradley, Baker, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Walter L. Smith, Jr., Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

The defendant, Terry George, having been tried before a judge under a bill of indictment charging him with simple battery[1] prosecutes this appeal from his conviction and sentence, contending the proceedings are invalid and should be reversed on the ground the trial judge erred in denying his motion for trial by jury.

Counsel for defendant argues that the Supreme Court of the United States in its recent decision in the case of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, held a crime punishable by more than 6 months imprisonment warrants a trial by jury in the state court under the Sixth Amendment of the United States Constitution which has been applied to state action through the due process clause of the Fourteenth Amendment; and inasmuch as the penalty that may have been imposed within the discretion of the court under the law of the State of Louisiana at the time of the trial[2] (April 8 and 9, 1968) for the crime of simple battery was a fine of not more than $300 or imprisonment for not more than two years, or both, L.R.S. 14:35, counsel for defendant maintains he had a right to a trial by jury, although, conceding as he must, that the rule was only given prospective application by the United States Supreme Court in its later decision of DeStefano v. Woods,[3] 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308, wherein the court most explicitly stated, "* * * *We will not reverse state convictions for failure to grant jury trial where trials began prior to May 20, 1968, the date of this Court's decisions in Duncan*

---

1. L.R.S. 14:35 provides: "Simple battery is a battery, without the consent of the victim, committed without a dangerous weapon.

    "Whoever commits a simple battery shall be fined not more than three hundred dollars, or imprisoned for not more than two years, or both."

2. At the time of defendant's conviction the Code of Criminal Procedure specifically provided, "A defendant charged with a misdemeanor shall be tried by the court without a jury." Article 779. However, the article has since been amended by Act No. 635 of 1968 to comply with the ruling of the United States Supreme Court in the Duncan case.

3. The pronouncement in the DeStefano case has since been followed by this court in State v. Beer, 252 La. 756, 214 So. 2d 133, and State v. Watson, 252 La. 649, 212 So.2d 415.

v. *State of Louisiana and Bloom v. State of Illinois* [391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522]." (Emphasis added.) Nevertheless, counsel, realizing since the trial and conviction of the defendant took place prior to May 20, 1968, the Duncan case is, therefore, not controlling, advances the argument that the fact that he timely requested trial by jury distinguishes the circumstances under which the DeStefano ruling fell, and inasmuch as the case is now on appeal, his rights are vested under the Constitution of the United States.

Counsel not only did not assign any authority in support of this ingenious argument, but obviously overlooked the observation of the United States Supreme Court in footnote two of the DeStefano case, *"We see no basis for a distinction between convictions that have become final and cases at various stages of trial and appeal."* Moreover, it is apt to point out that counsel neither alleged nor does he now claim that the defendant did not receive a fair and impartial trial. (Emphasis added.)

Although counsel did not brief the remaining three bills of exception, each being reserved to questions propounded by the prosecuting attorney to which objection by the defense counsel was overruled, we have given them due consideration, and found them lacking in merit.

For the reasons assigned the conviction and sentence are affirmed.