evidence upon which the jury could reach its verdict.

The remaining Bills of Exceptions were neither briefed nor argued by the defense. We have examined them anyway and find no merit in any of them.

For the reasons assigned, the conviction and sentence are affirmed.

BARHAM, J., concurs.

262 So.2d 362

**STATE of Louisiana**

**v.**

**Janice SMITH.**

**No. 51611.**

May 18, 1972.

Goode & Goode, J. Philip Goode, Jr., Shreveport, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Janice Smith, appeals her non-jury conviction of issuing worthless checks, La.R.S. 14:71, for which she was sentenced to serve one year in parish prison. On appeal, the defendant relies upon six bills of exceptions reserved and perfected during her trial.

Bills of exceptions numbers one, two, four, five and six pertain to introduction of evidence during her trial. We find no merit in these bills.

The trial judge did not abuse his discretion by admitting into evidence a letter mailed by the prosecuting witness to the defendant. The letter was mailed to the address printed upon the check the defendant had given to the prosecuting witness. This letter was relevant to the issue

of intent to defraud, an essential element of the crime of issuing worthless checks. La.R.S. 14:71, 15:441, 15:445, 15:446.

■ The trial judge did not abuse his discretion when he permitted the question and testimony regarding the amount of funds the defendant had in her checking account during a period of over six months. This testimony was relevant to show that at no time during the period the worthless check was issued did the defendant have sufficient funds in the account to meet the three hundred, sixty-four dollars and nine cents ($364.09) check she issued to the prosecuting witness; that the defendant did not have sufficient credit with the bank for the payment of the check in full upon presentation, La.R.S. 15:441; and that the defendant knew at the time of issuing that she did not have sufficient funds to cover the check.

 The trial judge correctly overruled defense counsel's objection to the State's questioning of the defendant regarding conviction of other charges. These questions were within the permissible scope of cross examination of a defendant. La.R.S. 15:462, 15:445, 15:446, 15:495; see State v. Cripps, 259 La. 403, 250 So.2d 382 (1971). Nor was it an abuse of the trial judge's discretion to permit the State to question the defendant regarding another charge and conviction of issuing worthless checks. It was also permissible for the State to ask the de-

fendant if a prior conviction of issuing worthless checks concerned the same bank account upon which the present check was issued. Further, it was not error for the State to question the defendant regarding the date the prior worthless checks were issued. All of these questions concern relevant matters and, though dealing with prior convictions, were admissible to show knowledge, intent and system. La.R.S. 15:445, 15:446.

For these reasons, bills of exceptions numbers one, two, four, five and six are found to be lacking in merit.

Bill of exceptions number three was taken to the denial of a motion for directed verdict. In essence, the motion alleges evidence adduced during the trial indicated that the transaction then undergoing inquiry amounted to a credit transaction of sorts. La.C.Cr.P. art. 778 states in part:

"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all of the evidence, if the evidence is insufficient to sustain a conviction."

The motion before us is apparently based upon this statutory provision, i. e., mistrial before a judge alone.

 There is some evidence from which the trier of fact could properly con-

clude that the defendant knowingly issued a worthless check in exchange for things of value with intent to defraud. Although a new trial may be granted if there is no evidence at all to support one of the essential elements of the crime charged, since the determination of that issue presents a question of law and not a weighing of the facts, we cannot even in a trial before a judge without a jury review for sufficiency of evidence, since our appellate jurisdiction is limited to questions of law. State v. Hochenedel, 253 La. 263, 217 So.2d 392 (1968). Therefore, we find this final bill of exceptions lacks merit.

For the reasons assigned, the conviction and sentence are affirmed.