263 So.2d 882

STATE of Louisiana, Appellee,

v.

Peter J. CLEARY, Appellant.

No. 51537.

June 5, 1972.

Dissenting Opinion June 15, 1972.

Rehearing Denied June 29, 1972.

Patrick C. Leitz, George C. Ehmig, Metairie, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., Marion F. Edwards, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant appeals from his conviction of violating La.R.S. 26:160 and from his sentence to pay a fine of $350 and to serve sixty days in the parish prison.

The cited statute prohibits the refilling of an original container of alcoholic beverages with an alcoholic beverage or pos-

sessing such a refilled container. The State's case sought to prove that the defendant bar-owner had re-filled with cheaper whiskey used bottles originally containing more expensive namebrands, for the obvious purpose of defrauding bar patrons.

We find no merit to the several contentions urged by the defendant in support of a reversal, for the following reasons:

■ 1. The trial court did not abuse its discretion when it refused to let the defendant's counsel file a belated generalized oral motion to suppress on the morning of the date of the trial, which had been fixed some ten months earlier. See La.C.Cr.P. Art. 703; State v. Richey, 258 La. 1094, 249 So.2d 143 (1971). Further, the defendant never explained what he wanted to suppress or why. Even on appeal, we are directed to no evidence introduced at the trial which the defendant was allegedly unable to challenge in the absence of a timely-filed motion to suppress.

■ 2. In this non-jury trial, the State was not required to give advance notice under La.C.Cr.P. Art. 768 of its intent to use a confession and inculpatory statements of the defendant. State v. Himel, 260 La. 949, 257 So.2d 670 (1972). The trial court properly overruled the defendant's objection to their introduction.

■ 3. The other contentions are directed to the sufficiency of the proof. The trial court found the defendant guilty be-

yond a reasonable doubt of violating the statute. This finding was based upon the defendant's confession and inculpatory statements during an investigation immediately prior to his arrest, and upon corroborating circumstances, such as filled bottles with much-stained (i. e., old) labels and new caps, one being in the storeroom adjacent to funnels and some empty bottles for cheap whiskey.

In criminal cases, our appellate review is constitutionally limited to questions of law; therefore, even in a trial by a judge without a jury, the alleged insufficiency of the evidence cannot be considered by us, if there is any evidence at all (as here) upon which the trier of fact could reasonably base its conviction. State v. Hochenedel, 253 La. 263, 217 So.2d 392 (1968).

For the reasons assigned, the conviction and sentence are affirmed.

Affirmed.

SUMMERS, Justice (dissenting).

The Court rules that in a nonjury trial, the State was not required to give advance notice under Article 768 of the Code of Criminal Procedure of its intent to use a confession and inculpatory statements of the defendants.

Article 768 provides:

If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant

in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.

By its clear, unambiguous terms Article 768 is not limited to nonjury trials. It is a general provision applicable to all trials, jury and nonjury alike. The reason which supports the requirement for early advice in writing in a jury trial is equally pertinent in nonjury trial,s the reason being that the defendant cannot properly prepare to meet the issue unless he is apprised in advance that the State intends to use the confession or inculpatory statement. Failure to furnish the early advice makes the confession or inculpatory statement inadmissible. There is no qualification to this requirement.

I am unaware of any like rule, statutory or otherwise, concerning admissibility of evidence which is applicable to a jury trial and inapplicable to a nonjury trial.

State v. Himel, 260 La. 949, 257 So.2d 670 (1972), upon which this decision rests was.rendered by a divided court and should be reconsidered. The decision has the effect, in. nonjury trials, of doing away with both . the opening statement and the early advice in writing that a confession or inculpatory statement will be used. The effect is to permit the State to surprise the defendant in a nonjury trial but not in a jury trial.

The logic of this result escapes me for a defendant convicted and imprisoned as a result of a nonjury trial is as surely deprived of his liberty as one convicted and imprisoned as a result of a jury trial. The difference is only a question of degree. See dissents in State v. Himel, supra, and State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).

My criticism of the decision in State v. Himel centers upon the proposition that the major premise upon which it is grounded is fallacious. That opinion asserts that Article 768 was enacted to avoid the prejudicial effect of mentioning a confession or inculpatory statement in the opening statement to the jury as was formerly required. I suggest that this reason is simply a side effect of the right to receive advice that a confession or inculpatory statement will be used. The basic, fundamental right to the early advice has not been abrogated by Article 768. To the contrary, the right to early advice has been strengthened and broadened. The effect of Article 768 is to require that defendant receive written advice at an earlier stage of the trial than formerly when it was necessary to mention in the opening statement that a confession or inculpatory statement would be used.

Insofar as nonjury trials are concerned, this important right of early notice has

been abolished by the decision in State v. Himel and the decision in the instant case.

I respectfully dissent.

PER CURIAM.

As noted in the petition for rehearing, this Court erroneously described the motion to suppress as oral. The characterization arose from the circumstance that the motion did not appear in the appellate record. Actually, defense counsel moved orally for the Court to hear a written motion to suppress tendered on the morning of the trial. Nonetheless, our holding that the trial judge did not abuse his discretion in declining to entertain the belated motion is correct. See LSA–C.Cr.P. Art. 703.

The petition for rehearing is denied.