310 So.2d 619 (1975)
STATE of Louisiana, Appellee,
v.
Earl L. ROBERTSON, Appellant.
Nos. 55592-55594.
Supreme Court of Louisiana.
March 31, 1975.
*620 Thomas J. Divens, Gretna, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
We consider here three consolidated appeals by the defendant from three convictions of misdemeanors. The convictions resulted in three consecutive sentences of six months each, totalling eighteen months in all. Without objection, the trials on all three offenses (arising out of the same incident and facts) were consolidated for trial.[1]
The appellate jurisdiction of this court as to misdemeanor convictions is limited to instances where imprisonment exceeding six months is actually imposed. La.Const. of 1921, Art. VII, Section 10(5) (as amended in 1958); La.Const. of 1974, Art. V, Section 5(D).[2] In the present appeals, the sentence on each charge did not exceed six months; therefore, this court does not have appellate jurisdiction to review any of the convictions appealed.
We are accordingly without appellate jurisdiction of these consolidated appeals. The circumstance that the cumulative total of imprisonment upon the three convictions exceeds six months nevertheless does not confer appellate jurisdiction upon this court, where the sentence upon each charge involved is six months or less. State v. Gomila, 260 La. 990, 257 So.2d 685 (1972); Town of Plaquemine v. Brown, 226 La. 642, 76 So.2d 915 (1954). See also *621 State v. Thomas, 259 La. 986, 254 So.2d 269 (1971).
Thus, there is no right of appeal of these district court convictions to this or any other[3] court. The convictions are reviewable, however, under this court's supervisory jurisdiction. La.Const. of 1921, Art. VII, Section 10; La.Const. of 1974, Art. V, Section 5(E); La.C.Cr.P. art. 912.1 (1974). When an appeal is taken to this court and the proper remedy is an application to our supervisory jurisdiction, this court may consider the appeal as such an application. Rules of the Supreme Court of Louisiana, Rule I, Section 10 (1973); State v. Black, 305 So.2d 472 (La.1974); State v. Duplantis, 296 So.2d 818 (La.1974).
Accordingly, we will treat these appeals as applications to our supervisory jurisdictions.
The records before us show: The defendant is charged with three misdemeanors arising out of the same incident on December 24, 1973: driving while intoxicated, La.R.S. 14:98; carrying a concealed weapon, La.R.S. 14:95(A)(1); and driving a motor vehicle without a valid driver's license in his immediate possession, La.R. S. 32:411(D).
He was arraigned and pleaded not guilty to all three offenses on February 19, 1974. On September 13, 1974, he attempted to withdraw his pleas of not guilty and to tender a plea of guilty; but the court refused to permit him to withdraw his pleas and appointed a local attorney to represent the accused (presumably as an indigent, although there is no express indication to this effect). Trial was had on October 4, 1974. No objection was raised to the consolidation of these non-jury offenses, and sentences were immediately imposed after conviction that date.[4]
A primary complaint concerns the failure of the defendant's court-appointed counsel to request that all testimony be recorded and transcribed. This, it is alleged, has effectively deprived the accused of judicial review of his innocence or guilt.
However, trial was had before the effective date of Act 28 of 1974, enacting Article 912.1 of the Louisiana Code of Criminal Procedure. With regard to a non-appealable conviction such as are the present, the article provides that "the defendant has the right of judicial review by application for a writ of review to the supreme court. This application shall be accompanied by a complete record of all evidence upon which the judgment is based, unless the defendant intelligently waives his right to cause all or any portion of the record to accompany the application." See also La.Const. of 1974, Article I, Section 19. Cf., La.C.Cr.P. art. 843 (1974).
Under the law applicable at the time of trial, the accused was not entitled as of right to have the testimony as to guilt or innocence recorded and transcribed, unless the accused or his counsel so requested. La.R.S. 13:961, subd. C (1950); 15:291 (1960). Whatever might be the merit of the claim under the 1974 statute (since the record shows no intelligent waiver), the failure of court-appointed counsel to request recordation and transcribing *622 is not reviewable, as the denial of a statutory or constitutional right, on an appeal under the law in effect at the time of the trial.
The accused's brief relates his factual defenses: (a) His intoxication was not proved, since no chemical tests were made to determine the alcoholic content of his blood; in fact, he was under medication, he claims; (b) Although he did not have a driver's license on him, this was because he was in the process of renewing his license and had on him only a receipt (temporary permit); however, at the trial, he had lost both the receipt and the renewed license; (c) He further contends that the .38 caliber pistol (which he is charged with concealment of) was on the seat of his vehicle and not (as the state's witnesses testified) in his jacket or pants pocket.
These factual defenses primarily relate to the sufficiency of the evidence, rather than to the lack of any evidence whatsoever to prove the charge. The appellate jurisdiction of this court in criminal cases is limited to questions of law. La. Const. of 1921, Art. VII, Section 10; La. Const. of 1974, Art. V, Section 5(C). Sufficiency of evidence of guilt, as contrasted with a total lack of evidence, has thus been held to be non-reviewable upon appeal, even when the conviction is by a judge after a non-jury trial. State v. Smith, 262 La. 39, 262 So.2d 362 (1972); State v. Martinez, 201 La. 949, 10 So.2d 712 (1942).
The other contentions essentially urge inadequacy of court-appointed counsel. They involve issues which ordinarily cannot be raised on the direct review, since they involve collateral matters of a factual nature not normally included within the record before the reviewing court. For similar reasons, they are not considered here.
Since for the reasons noted we do not have appellate jurisdiction, we dismiss these proceedings as appeals. For the further reasons assigned, treating these appeals as applications to our supervisory jurisdiction, we nevertheless deny these applications for review as raising no error of law entitling the defendant to have the convictions set aside.
Appeals treated as application for supervisory relief; denied.
DIXON, J., concurs.
NOTES
[1] A majority of this court has held that, even assuming the present consolidation is not authorized by La.C.Cr.P. art. 706, see also La. C.Cr.P. art. 493, it is at most harmless error, where arising under non-jury circumstances similar to the present and where no objection to consolidation was made. State v. Laurent, 290 So.2d 809 (La.1974). See also State v. Peters, 298 So.2d 276 (La.1974), where a majority indicates that the failure to object to the consolidation waived the right to urge the error on appeal.
[2] In addition, appellate jurisdiction of this court obtains where a fine exceeding five hundred dollars is imposed. See Art. V, Section 5(D), La.Const. (1974).
[3] When a case is appealed to the wrong court, that court should transfer it to the court of proper appellate jurisdiction. La.R.S. 13:4441 (1960); see State v. Gomila, cited in text of opinion. However, here no other court has appellate jurisdiction on these appeals.
[4] We were initially given concern that the cumulative total sentence of eighteen months as a result of a single trial offended the federal constitution right of jury trial where a sentence exceeds six months. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d 491 (1968); United States v. Potvin, 481 F.2d 380 (CA 10, 1973); United States v. Seale, 461 F.2d 345 (CA 7, 1972). However, this court has held that the federal constitution does not require a jury trial under the present circumstances. City of Monroe v. Wilhite, 255 La. 838, 233 So.2d 535 (1970), certiorari denied 400 U.S. 910, 91 S.Ct. 136, 27 L.Ed.2d 150 (1970).