397 So.2d 1346 (1981)
STATE of Louisiana
v.
Ray Matthews KORMAN.
No. 80 KA 2344.
Supreme Court of Louisiana.
April 6, 1981.
Rehearing Denied May 18, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Marilyn Castle, and Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Robert D. Downing, Baton Rouge, for defendant-appellant.
*1347 BOUTALL, Justice Ad Hoc.[1]
Ray Matthews Korman was charged with violation of LRS-40:966(A)(1), possession of a controlled dangerous substance (marijuana) with intent to distribute. After a bench trial he was found guilty as charged and sentenced to serve three years in the Department of Corrections and to pay a fine of $700, or, in default of payment to serve 60 days in the Parish jail. He appeals his conviction on the basis of four assignments of error.
The first assignment of error by defendant asserts that the trial judge erred in denying his motion for acquittal pursuant to C.Cr.P. Article 778 after the state concluded its presentation of evidence. The defendant contends that there was no evidence of guilty knowledge and that whatever circumstantial evidence was offered did not exclude every reasonable hypothesis of innocence. LRS-15:438.
The evidence offered by the state disclosed that the narcotics division of the East Baton Rouge Sheriff's Office had received some information from an informant, and as a result had placed under surveillance an apartment in an apartment complex occupied by the defendant. While the premises were under surveillance, the defendant was seen leaving his apartment and going outside to his automobile, opening the trunk, extracting an army type duffel bag made of green canvas, and carry the bag back to his apartment. A search warrant was then obtained, and pursuant to the warrant a search was made of the apartment during which some 22 and ½ pounds of marijuana were discovered. The marijuana was found in various places in the bedroom, and was in a number of bags, some plastic and some brown paper, ranging from 1½ to 2½ pounds each as follows: One bag on the top shelf of the bedroom closet, one bag in a grey ice chest on the floor in the bedroom, three bags were found on the floor of the bedroom closet, and the army duffel bag was found closed on the floor of the closet, containing four packages.
At the time of the search, the defendant was not in the apartment, but was in an apartment on an upper floor, from which he was brought down and placed under arrest. It is his contention that he had no knowledge of the presence of the marijuana (he later testified that he was keeping the duffel bag and the ice-box for a friend) and that the state's proof of intent was based solely on circumstantial evidence not sufficient to exclude other reasonable hypotheses. To this we point out that the record contained testimony by a sergeant of the narcotics division, without objection, that his investigation showed the defendant to be the occupant of the premises and the owner of the automobile. Additionally, the witness testified over objection that after arrest of defendant, the defendant admitted that he was the occupant of the apartment. The state did not offer evidence of continued surveillance from the time when this latter witness left the scene to return with a search warrant, a matter of 1½ to 2 hours.
We conclude that this issue is resolved by applying the standard used in reviewing the sufficiency of evidence as enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Succinctly stated, that standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant is guilty. We have adopted this view in the cases of State v. Morgan, 389 So.2d 364 (La.1980); State v. Harveston, 389 So.2d 63 (La.1980); State v. Hartman, 388 So.2d 688 (La.1980). Considering the widespread distribution of the numerous bags of marijuana, and the bulk thereof, together with the unobjected testimony as to the occupancy of the premises, ownership of the car, the transportation of the duffel bag from the *1348 car to the apartment, the close proximity in time, and applying those facts with the evidence as a whole, we conclude that the standard is satisfied in this case. This assignment lacks merit.
We shall consider the next two assignments of error together because each is based upon the State's introduction of an inculpatory statement of the defendant during the course of its presentation of evidence.
While the State was in the process of questioning Sergeant J. Thompson of the narcotics division, and the Sergeant was in the process of relating the events of the search and subsequent arrest, the witness testified that the defendant Korman was upstairs in another apartment, that he was then brought down to the apartment being searched and placed under arrest, and advised of his rights. At that time he related that the defendant had made a statement, to which the defense attorney objected for failure of the State to give notice of the intent to use an inculpatory statement as provided by Code of Criminal Procedure Article 768. After argument, the court overruled the objection and permitted the officer to testify that the defendant made a statement saying "* * * * ` "But Ya'll have the wrong address"` He said ` "I live here, but ya'll got the wrong address"'"
The defendant urges that the plain wording of Article 768 requires written notice to be given before such a statement may be introduced in evidence, and the failure to give that notice requires the inculpatory statement to be barred from evidence. We have held that in non-jury trials, the State was not required to give advance notice under C.Cr.P. Article 768 of its intent to use a confession and inculpatory statements of the defendant. State v. Cleary, 262 La. 539, 263 So.2d 882 (La.1972); State v. Himel, 260 La. 949, 257 So.2d 670 (La.1972). However, see the discussion in the case of State v. Sneed, 316 So.2d 372 (La.1975) a jury case in which error in the notice was ruled not prejudicial. We also note in this case that there was no showing of defendant that he was surprised or prejudiced in his defense by virtue of the introduction of the statement. Indeed, there had been a motion to suppress filed earlier in this case in which the search warrant was attacked on the ground that it described the wrong premises. Accordingly, the defendant was well aware that occupancy of the apartment was an expected issue.
The next error urged in this regard is that the defendant did not knowingly and willfully waive his jury trial because he was not aware that such a waiver may permit the use or introduction of the statement in this judge trial, without notice, when he would be entitled to written notice in a jury trial. We point out that the waiver of jury trial was made with the District Attorney on the basis that one wished to avoid a long jury trial, and the other wished to avoid the appearance of the informant against him as a witness. The trial judge questioned both parties as to this agreement and persisted in asking defendant if he was aware of the consequences of the waiver, whereupon he was assured by the defendant that he wished to waive. It is obvious that at that time the defendant desired the waiver as being advantageous to him, and we see no reason to annul the waiver when the results of the trial did not turn out as he hoped. We conclude that a knowing and intelligent waiver of the right to a jury trial was made within the principles announced in State v. Johnson, 389 So.2d 1302 (La.1980).
We find no reversible error in these two assignments of error.
The last assignment of error is that this court erred in failing to grant defendant's motion to suppress in our earlier decision in State v. Korman, 379 So.2d 1061 (La.1980) wherein we held that the trial court had erred in its consideration of the validity of the search warrant and in granting defendant's motion to suppress the evidence. The defendant urges to us that our decision was incorrect and should be reviewed and overturned.
With the denial of the rehearing petition in that case on March 3, 1980, the decision became final. We gave that matter our careful consideration, and there is no showing *1349 of new evidence that would cause us to reconsider, accordingly, we refuse to reconsider our previous decision.
The conviction and sentence are affirmed.
CALOGERO, J., concurs.
NOTES
[1] Judges Gulotta, Boutall and Schott of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon, Justices Calogero, Dennis and Watson.