400 So.2d 658 (1981)
STATE of Louisiana
v.
Elsie M. JONES.
No. 81-K-0341.
Supreme Court of Louisiana.
June 22, 1981.
*659 Gilbert Wayne Aucoin, Ville Platte, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., Richard W. Vidrine, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.[*]
Elsie Mae Jones was charged by bill of information with four counts of issuing worthless checks, a violation of R.S. 14:71. A judge trial resulted in convictions on three of the four counts.[1] The sentence imposed was a ten day jail term on each of the three counts, the terms to run consecutively, in addition to a fine of $50.00 plus court costs. Execution of sentence was suspended by the court on the condition that defendant make restitution to the complainant within ten days. We review this conviction upon a grant of supervisory writs. 396 So.2d 1347.[2]
The following facts were adduced at trial. In October of 1980, defendant approached Cal Soileau, proprietor of Cal's Grocery in Ville Platte, seeking to purchase groceries on a credit basis. Defendant lives on Supplemental Security Income and food stamps and is seldom possessed of ready funds with which to purchase goods. Soileau claims that he denied defendant credit, but did agree to supply her groceries in exchange for her check written for the amount of the purchase.[3] It was the parties' understanding that Soileau would hold the check until the end of the month, at which time *660 defendant would pay the bill from monies she was to receive from her Supplemental Security Income. She was to get her check back from Soileau upon such payment. Soileau also told the defendant that he would, in the event of her default, process the check through the bank and exercise his right to file criminal charges against her.
Defendant paid her debts to Soileau under this arrangement for the months of October, November, and December of 1980, and for January of 1981. In February of 1981, because of an increase in defendant's utility bill, she was unable to pay her grocery debts incurred during that month.[4] After sending a ten day demand letter to defendant, which produced an unsatisfactory response, Soileau eventually filed criminal charges.
The issue presented by this case is whether there was sufficient evidence to convince a rational trier of fact that defendant was guilty of "issuing worthless checks" beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The law pertaining to the issuing of worthless checks is contained in R.S. 14:71, which provides in pertinent part:
"A. Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender had not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation. This provision shall not apply to payments on installment contracts or open accounts.

"B. The offender's failure to pay a check, draft, or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud. * * *" (Emphasis Provided.)
The defense argues in brief that the arrangement confected between defendant and Soileau should be classified as an open account, making the statute inapplicable to this case. We agree.
Regardless of Soileau's denial at trial of having extended defendant credit, the facts of this case clearly indicate a credit arrangement. Defense counsel, on cross-examination, elicited testimony from several of the state's witnesses to the effect that Soileau's credit customers were handled in much the same way as defendant. These other accounts were kept on separate pages in a ledger book and inscribed as to the date of purchase. At the end of each month, when payment was made, the page of the ledger bearing the account was removed and given to the paying customer as proof of payment. In defendant's case, the checks were dated sometimes by the store clerk and sometimes not at all, and were similarly returned to defendant upon payment as proof of such payment. Soileau's wife admitted that the checks were a method of accounting and recording defendant's weekly purchases, indicating how much was bought and when the purchase was made.
The record indicates that defendant was free to purchase goods under this arrangement at will. It is also obvious that, notwithstanding Soileau's classification of the relationship to the contrary, credit was extended and defendant was permitted to purchase on open account at Cal's Grocery. R.S. 14:71, issuing worthless checks, is by its express terms not applicable to this open accounts transaction.
*661 Defendant's conduct falls short of that proscribed by R.S. 14:71 for another reason. An essential element of the crime of issuing worthless checks is that defendant at the time of the issuing be possessed of intent to defraud. State v. Smith, 262 La. 39, 262 So.2d 362 (La.1972); State v. McLean, 216 La. 670, 44 So.2d 698 (1950). In the instant case, the state did not prove, so that a rational trier of fact could find beyond a reasonable doubt, that defendant intended to defraud Soileau at the time of the issuance of the checks.

Decree
For the foregoing reasons defendant's sentence and conviction are reversed and set aside and defendant is ordered released.
REVERSED; DEFENDANT ORDERED RELEASED.
REDMANN, Justice Pro Tem., dissenting.
This Court is unconstitutionally constituted and an accused is denied due process of law by his or her case's being referred to it instead of the Louisiana Supreme Court as constituted by La.Const. Art. 5 §§ 1, 3 and 4, to which this Court should order this case referred.
See the writer's dissent, State v. Petterway, La.1981, 403 So.2d 1157, 1161.
NOTES
[*] Judges William V. Redmann, Thomas J. Kliebert of the Court of Appeal, Fourth Circuit, and Judge Cecil C. Cutrer of the Court of Appeal, Third Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] Defendant was acquitted of one of the counts wherein she was charged not with affixing her signature to the check but rather with simply authorizing another to do so.
[2] Defendant has no right of appeal to this Court as a sentence exceeding six months or a fine of more than $500.00 was not imposed. La.Const. art. V, § 5(D) (1974).
[3] The check itself was supplied to defendant by Soileau or by his employee. Soileau stated at trial that he never inquired as to whether the defendant had an account at the American Security Bank of Ville Platte, on which the checks were drawn. It is clear that by requiring "credit" customers to draft checks for their purchases, complainant is seeking to afford himself the leverage of threatened criminal prosecution under R.S. 14:71 as a security device by which to enforce collection.
[4] Defendant's testimony at trial indicates that she tendered partial payment for her February debts which Soileau declined to accept.