WARD, Judge.
Eddie Young was convicted by a jury of possession of phencyclidine, in violation of La.R.S. 40:966(C), and sentenced to serve the maximum time, ten years at hard labor.
The trial record shows that Officers Fred Wagner and Ronald Horst of the New Orleans Police Department were patrolling a high crime area at 1:15 p.m. in an unmarked police car when they saw Young standing on a corner talking to another man. Young noticed the officers, removed a matchbox from the rear pocket of his pants, threw it on the sidewalk, and walked down the street. Officer Wagner, who knew from past experience that matchboxes are often used to conceal drugs, got out of the car and examined the matchbox. Finding that it contained a brown powder which he believed to be heroin, Officer Wagner showed it to Officer Horst who had detained Young. The officers then arrested Young.
Officer John F. Palm, Jr., a criminalist expert with the New Orleans Police Department, determined from an analysis of laboratory tests that the powder in the matchbox was phencyclidine.
Young, who testified at trial, admitted that he was talking with a man on the street corner but denied possessing the matchbox. He further testified that he had never been in prison but that he had pleaded guilty to the following crimes: felony theft of two guns, resisting arrest, and disturbing the peace by threats to a former girlfriend.
On appeal Young asserts four assignments of error. In his first assignment Young argues that during voir dire the Trial Judge precluded his counsel from determining whether prospective jurors had any preconceived prejudices or bias regarding the testimony of police officers. The transcript indicates that Young’s counsel asked the following question: “Would anybody here believe a policeman to plant drugs on a civilian?” The Trial Judge sustained the objection made by the State.
It is highly improper to ask a juror if he would act in a particular way under certain circumstances because such a question seeks to commit him in advance as to his verdict. State v. Weston, 232 La. 766, 95 So.2d 305 (1957). That type of question is related to the merits of the case rather than to the proper subject of voir dire — the qualifications of the juror. State v. Corbin, 285 So.2d 234, 240 (La.1973) (Dixon, J., concurring). Voir dire examination is designed to test the competency and impartiality of prospective jurors and may not serve to pry into their opinions concerning evidence to be offered at trial. Corbin, 285 So.2d at 236. The question by Young’s counsel was too closely related to the evidence to be presented as to whether Young possessed the matchbox at the time of his arrest. Accordingly, we find the ruling by the Trial Judge is correct and this first assignment is without merit.
In his second assignment Young contends the State improperly “delved” into his prior arrests. Young also asserts the Trial Judge erred by allowing the State to cross examine Young about minor and irrelevant details of prior convictions.
Concerning Young’s prior arrests, the testimony shows that the prosecutor asked Young on cross examination the following question: “And you’ve also been arrested for a bunch of other things, haven’t you? Like....” The Trial Judge overruled an objection by the defense counsel because on his direct examination of Young he “opened the door.” However, immediately after the Trial Judge overruled the objection, the State withdrew the question and asked Young about his prior convictions.
Although evidence of a defendant’s prior arrest is never admissible, State v. Smith, 418 So.2d 534 (La.1982), a defend *437 ant may be impeached by cross examination as to prior convictions when he takes the stand because he then places his credibility in issue. La.R.S. 15:462, 486; State v. Luckett, 327 So.2d 365 (La.1975); State v. Smith, 262 La. 39, 262 So.2d 362 (1972). The record indicates Young never testified about any of his prior arrests. Furthermore, the prosecutor avoided reversible error by withdrawing the question and clarifying the issue to make clear to the jury that he was inquiring about convictions, not arrests.
Regarding his prior convictions, Young finds objectionable the following question by the State: “Did you plead guilty in Municipal Court to disturbing the peace by threats to Sandra Day?” Young also objects to a question concerning his felony theft of two weapons. The State asked him: “Why did you steal those pistols?”
The State may cross examine the defendant about the facts of prior convictions to establish the true nature of the offense. State v. Connor, 403 So.2d 678 (La.1981). Evidence of victims’ names as well as dates and scenes of the offenses are admissible. State v. Talbert, 416 So.2d 97 (La.1982). The question referring to the specific name of the victim in the conviction for disturbing the peace is a permissible one. Additionally, the question as to why the defendant stole the two pistols merely established the true nature of his felony theft conviction. Therefore, this second assignment is without merit.
In his third assignment, Young argues that the Trial Judge denied Young the opportunity to present a subpoenaed witness. When called, the witness was not present in court. After the case had gone to the jury, she returned, having learned of an attachment issued during trial. While the jury was deliberating, the witness testified that she left the court because Young told her he did not want her to testify. Young had previously testified that the witness was not with him when he was arrested but that she knew he had not possessed phen-cyclidine at any time prior to his arrest.
To be entitled to a recess to secure the presence of a witness a party must show an actual necessity for the witness and the materiality of his expected testimony. State v. Jackson, 450 So.2d 621 (La.1984). The testimony of the subpoenaed witness would have been identical to that given by Young’s sister and would have provided no evidence as to whether Young possessed phencyclidine at the time of his arrest. We reject this third assignment.
We also find no merit to Young’s fourth assignment of error that the imposition of the maximum ten year sentence is unconstitutionally excessive. The transcript of the sentencing hearing indicates that the Trial Judge considered that Young had two prior convictions and an extensive arrest record. The defendant testified that he had a drug problem. The Trial Judge noted that Young’s threats to the district attorney after trial indicated that Young did not intend to rehabilitate.
If á Trial Judge considers sentencing guidelines in La.C.Cr.P. art. 894.1, a sentence will not be set aside as excessive unless it shocks our sense of justice. State v. Sweeney, 443 So.2d 522 (La.1983) The sentencing transcript in this case indicates that the Trial Judge complied with La.C. Cr.P. art. 894.1, and we cannot say the ten year maximum sentence imposed on Young is excessive.
AFFIRMED.