KLIEBERT, Judge.
Defendant, Loray Cambre, was charged by bill of information on January 15, 1988 with a violation of LSA-R.S. 14:71(A), issuing worthless checks. After failing to appear for a scheduled arraignment, defendant, through her attorney, filed a motion to quash. Following a hearing the trial court found the NSF checks were intended as payment on an installment contract or on an open account and hence excepted from the application of LSA-R.S. 14:71. Therefore, it granted defendant’s motion to quash. The State timely appeals. We affirm.
Defendant entered into an oral agreement with a friend, Deena Blanchard, to use an automobile obtained by Blanchard (Product Service Company) from Bordelon Leasing, Inc. under an installment lease purchase agreement. The agreement was on a month to month basis and called for defendant to pay a monthly amount equal to Blanchard’s payment due to Bordelon and to maintain insurance on the car. Defendant did not always make timely payments to Blanchard. At one point defendant paid Bordelon directly when she fell behind on payments for a three or four month period. There were also times when her payments to Blanchard were late or returned NSF. However, the record is unclear as to whether the two NSF checks which form the basis for this action were for advances or for arrearage of payments.
After defining the crime, “issuance of worthless check,” LSA-R.S. 14:71(A) provides This provision does not apply to payments on installment contracts or open accounts.” However, the statute does not define an installment contract or an open account. The trial judge, based on the testimony, but without defining either an installment contract or an open account, concluded it was one or the other, or more likely a combination of both, and hence within the ambit of the exception in LSA-R.S. 14:71(A).
This court in Sandair Corporation v. Davis Industries, 470 So.2d 279 (5th Cir.1985) decided past due rental payments on a month to month lease of a compressor were on an open account. Moreover, the Supreme Court in State v. Jones, 400 So.2d 658 (La.1981) held that an arrangement between a grocer and the defendant, whereby defendant would purchase groceries in exchange for a check written for the amount of the purchase and at the end of the month the defendant would pay the amount in cash and his check returned to him was an open account for purpose of the exception. We see no difference in the circumstances involved here from those in *825 the Jones case. Hence, we cannot say the trial judge erred. Accordingly, we affirm the ruling of the trial court.
AFFIRMED.