PER CURIAM:
The ruling of the district court denying the defendant’s motion for a post-verdict judgment of acquittal purusant to La.C. Cr.P. art. 821 is reversed.
At the time of the defendant’s actions, July 3, 1987, La.R.S. 14:71 exempted from prosecution persons who issued worthless checks for “payments on installment contracts or open accounts.” 1983 La.Acts, No. 376, § 1. Open accounts include those financial arrangements whereby an amount owed, in whole or part, is past due. Cf. La.R.S. 9:2781(C). Payments made for medical services previously rendered to a hospital by a contract technician and billed on a somewhat regular basis constitute satisfaction on an open account for purposes of prosecution under La.R.S. 14:71, regardless of the technician’s subjective belief that the financial arrangement was not an open account. State v. Jones, 400 So.2d 658 (La.1981). On the evidence presented at trial, indicating an extended financial relationship between the victim and defendant’s hospital, in which the victim billed the hospital on a bi-monthly basis for past services rendered, or less often depending on the level of services, no rational factfinder could have concluded that the check in question was issued by the defendant other than in satisfaction of an open account. Moreover, because the state could not clearly establish that defendant knew at the time he wrote the check that his bank had seized the hospital’s collateral account and thereby prevented transfers from that account into the hospital’s checking account, no rational factfinder could have concluded that the defendant issued the check with the intent to defraud.
Defendant’s conviction is reversed and he is ordered released from custody as to this charge.
*989 JUDGMENT VACATED; DEFENDANT’S CONVICTION REVERSED; DEFENDANT ORDERED RELEASED AS TO THIS CHARGE.
WARD, Justice Ad Hoc, participated in this case in place of LEMMON, J., recused.